UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-61352-SMITH/VALLE

ABNER JOSUE GOMEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (the "Motion") (ECF No. 27), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

Upon the parties' agreement in the Joint Status Report (ECF Nos. 23, 24), the District Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 25, 26). Plaintiff now seeks an award of her attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and Defendant does not oppose the Motion. *See generally* (ECF No. 27).

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Here, based on the consent to remand, it is undisputed that Plaintiff is the prevailing party. (ECF No. 27 at 2, 12, 13). Further, Defendant does not object to the fees and expenses. *Id.* Thus, the only issue is whether Plaintiff's requested attorneys' fees are reasonable.

## I.     ATTORNEYS' FEES

Plaintiff seeks an award of $8,374.35 in attorneys' fees. *Id.* at 1, 9, 10, 15. The attorneys' fees result from 35.5 hours of work performed by attorney Mark Zakhvatayev at a rate of $234.50 during 2022 and $242.50 in 2023. *Id.* at 3, 10. Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Williams v. Kijakazi*, No. 22-CV-60964-RS, 2023 WL 5507723, at *1 (S.D. Fla. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 5507724 (S.D. Fla. Aug. 25, 2023) (adopting the undersigned's recommendation to award EAJA fees based on rate of $234.95 an hour for work performed in 2022-23); *Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate at $214.29 for attorney work performed in 2021). Based on a review of the record, the undersigned finds that the attorneys' hourly rates are supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit. *Williams*, 2023 WL 5507723, at *1; *Dewees*, 2022 WL 1406667, at *6.

Moreover, having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, (ECF No. 27 at 5-7, 9-10), the undersigned finds that Plaintiff's request for attorney's fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v.*

*Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same). As well, Defendant does not object to the requested hours. (ECF No. 27 at 3-4).

Lastly, in the Motion, Plaintiff discloses that he has assigned to his attorney any fee award he may receive under the EAJA. (ECF Nos. 27 at 3, 27-1). Accordingly, once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States, the fees should be paid directly to counsel. *See, e.g.*, *Williams*, 2023 WL 5507723, at *2 (recommending that fees be paid directly to counsel); *cf. Harrell v. Colvin*, No. 14-20513-BB (S.D. Fla. Apr. 10, 2015) (ECF No. 39) (discussing the split in the District regarding assignment of EAJA fees and concluding that fees should be paid directly to plaintiff).

## II.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (ECF No. 27) be **GRANTED**. Plaintiff should be awarded **$8,374.35** in attorneys' fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

Lastly, given the unopposed nature of the Motion, the undersigned recommends that the District Judge forego any objection period to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing a 14-day objection period for Magistrate Judge's recommendation); *see also* S.D. Fla. Mag. R. 4(b) (providing a 14-day objection period for Magistrate Judge's recommendation unless a different period is prescribed by the Court); *Williams*, 2023 WL 5507723 (foregoing extended objection period).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on October 26, 2023.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
 Counsel of Record